McFadden v. Parker.

---

## McFadden *v.* Parker *et al.* (a)

### Discharge of indorser.

If the indorsee of a note, after obtaining judgment against the maker, should discharge him from custody under a *ca. sa.* issued by virtue of the judgment, the debt will be extinguished and the indorser released.

This was an action brought against Parker & Wharton, the indorsers of a promissory note, instituted at the same time that an action was brought against George Eddie, the maker of the note. There had been a trial, and verdict for the plaintiff, in December term 1801, subject to the opinion of the court upon a case stated, involving two questions : 1st. Whether a plea *puis darrein continuance* had not been entered too late by the defendants ? And 2d. Whether the new matter pleaded, was sufficient to bar the plaintiff's recovery ? After some argument on the case, at December term 1802, the parties made the following arrangement :

"That the judgment shall remain as a security, and an issue be formed and tried under this agreement. That the defendants be permitted to enter, at this time, a plea *puis darrein continuance*, with like effect, as if it had been entered at the day given for their next appearance, after the new matter occurred. That the plaintiff be allowed to give evidence of all facts and circumstances to show that the new matter pleaded ought not to operate as a discharge of the defendants. That the defendants be allowed to give evidence of all facts and circumstances to repel such evidence on the part of the plaintiff to show that such new matter ought to operate in their discharge ; and to establish that the plaintiff has received actual value, or security, for the debt, from the maker of the note. And that it be admitted, on the trial, that notice, in due form of law, was given to the defendants, by the plaintiff, of the non-payment of the note, on which the suit is founded."

Under this agreement, the defendants relinquished all former pleas, and entered *puis darrein continuance*, the plea of payment, with leave to give the special matter in evidence.

On the trial of the cause, it appeared, that a *testatum ca. sa.* had issued into Northampton county, returnable to December term 1797, in the case of *McFadden* v. *Eddie*, upon which the defendant was arrested ; that, while he was in custody, he gave a bond and warrant of attorney to confess judgment to the plaintiff, *intending that the judgment should operate [*276 upon lands which he claimed in Northampton county, but which eventually proved to be no security, though taken in execution and offered for sale, on a *venditioni exponas ;* and that, on the 29th of November 1797, the plaintiff wrote to the sheriff in the following terms : " Sir, I request and desire that you discharge the defendant in the above writ mentioned ; he having satisfied me of the debt, interest and costs ;" and that the sheriff

---

(a) s. c. 3 Yeates 496.

thereupon returned the writ, "*C. C.;* afterwards **discharged from** execution, by order of the plaintiff."

The *defence* was placed on two grounds : 1st. That the holder's acceptance of a security from the maker, in satisfaction, was a release of all the parties to the note ; however inadequate the security accepted ; and however defective the title to the property might afterwards appear. 1 Str. 691 ; Noy 104 ; 3 Mod 86.; 2 Show. 481 ; Doug. 236–7, 250 ; 2 Ves. 540 ; 4 Ibid. 824, 832–3 ; Ambl. 79 ; 1 Dall. 254 ; 7 T. R. 421. 2d. That the release of one of two joint-debtors, is the release of both ; and the discharge of a defendant from a *ca. sa.* is tantamount to a payment or extinguishment of the debt. 4 Burr. 2482 ; 3 Wils. 14 ; 1 T. R. 557 ; 6 Ibid, 525 ; 2 W. Bl. 1237 ; (*a*) 1 Bos. & Pul. 665 ; 2 Ibid. 61.

For the *plaintiff*, it was premised, that there was no negligence imputable to him : that notice of the non-payment was regularly given, before any indulgence was shown to the maker of the note ; and that every arrangement with the maker was, in fact, for the benefit of the indorser. It was then contended : 1st. That considering the relative situation of the parties, before the discharge from the *ca. sa.*, the holder's acceptance of a security from the maker, was not a bar to his remedy against the indorser. And 2d. That whatever might be the operation of the discharge from the *ca. sa.*, as to the maker, it did not extinguish the debt, as to the indorser.

1st. The maker and indorser of a promissory note, are not joint-debtors ; but are indebted to the holder on separate and distinct contracts ; the former being bound to pay at all events ; the latter, only in case of the maker's default, and of the holder's giving due notice of it, and pursuing a recovery against the maker with reasonable diligence. Kyd, 22, 72–5, 110, 76. Upon notice of the maker's default, the indorser becomes an absolute debtor, not a surety ; and it is a duty immediately to pay. If he delays payment, it is a wrong ; and he shall not afterwards take advantage of it. The holder is *277] not bound to *pursue the maker ; but after notice to the indorser, he may do everything he can, to get, or to secure, his money from the maker ; provided he does not thereby deprive the indorser of his remedy over. 1 Bos. & Pul. 655 ; Bull. N. P. 271.

2d. As no misconduct is imputable to the plaintiff, neither can it be said, that he has received an actual payment or satisfaction for the debt. The bond and warrant of attorney were obviously taken as a collateral security ; and not with an intention to release the obligation of either of the parties to the note. Doug. 237. But even upon the strictest application of the rule of law, the arrest of one man upon a *ca. sa.*, cannot be deemed a satisfaction for another man's debt. The maker and the indorser cannot (like co-obligors or partners) be sued in the same action ; and when judgments are obtained against them, in separate actions, a *fi. fa.* may issue on one judgment, and a *ca. sa.* upon the other. All the authorities cited for the defendants, are in cases of a joint *ca. sa.* But the authorities for the plaintiff are express, that it must be an actual, not a constructive, payment by one

---

(*a*) The case in 2 W. Bl. 1237, was cited by the defendant's counsel, as the single authority in opposition to their doctrine ; but condemned as a bad precedent, in the worst of Sir William Blackstone's works,

McFadden v. Parker.

debtor, to discharge another debtor, upon a distinct contract, though for the same sum. And the release of the debtor in execution, however it may affect the right and the remedy of the plaintiff in the execution, cannot affect the right or the remedy of any other person. Tidd 412 ; Hob. 59, 60, 61 ; 1 Wils. 46 ; 2 W. Bl. 1235 ; 4 T. R. 825. Thus, McFadden, the holder of the note, may sue Parker & Wharton, the idorsers ; and they, having paid the note, may sue Eddie, notwithstanding his discharge from the *ca. sa.*

THE COURT, in the charge, left it to the jury to consider, whether the plaintiff had accepted the bond and warrant of attorney, in satisfaction of the debt, due upon the note ; and thereupon, intended to release both the indorsers and the maker. (*a*)

The jury, upon this charge, gave the plaintiff a verdict for the amount of the note, with interest. But on a motion for a new trial, the counsel of the *defendants*, urged, that the extinguishment of the debt, by the discharge of Eddie from the *ca. sa.*, was a point of law clearly in their favor ; on which they cited additional authorities, and reasoned more at large, than at the trial ; that the agreement under which the issue was formed, did not waive the benefit of the strict rule of law ; and that the court, instead of leaving the case to the jury, ought to have charged expressly in favor of the defendants. 3 Bl. Com. 390 ; 2 T. R. 120.

The counsel for the *plaintiff* answered, that the verdict was conformable to the real justice of the case ; that the agreement, under which the issue was formed, was meant to bring the case *before the jury upon its [*278 equitable circumstances ; that the court fairly left the decision to the jury, upon the genuine principles of the agreement (Doug. 248 (236) 250 ; 2 Salk. 575 ; 8 T. R. 168 ; 2 Ibid. 4 ; 4 Ibid. 468 ; 1 Salk. 116 ; 2 Ibid. 646); and that even on the strict point of law, the plaintiff was entitled to a verdict ; none of the opposite cases applying to separate debtors, on distinct contracts, who could not be sued as joint debtors.

BY THE COURT.—The case has been well argued at the bar; and the judges have enjoyed an opportunity to consider it, with more deliberation, than could be bestowed upon it, during the trial. We are now convinced, that the principal point of law should have been differently presented to the jury. It is clearly in favor of the defendants ; and ought to have been so stated in the charge.

The construction of the agreement, however, is a distinct subject for consideration. The counsel who drew the agreement, are essentially at variance upon its design and meaning ; and the court have not formed (nor is it necessary, at this time, that we should form) a decided opinion upon the subject. The intention of the parties to the instrument, will be properly left to the jury, on the new trial ; which, for the reason already assigned, it is our duty to award.

New trial awarded.

For the plaintiff, *Ingersoll* and *Dallas.* For the defendants, *E. Tilghman* and *Hallowell.*

(*a*) If the maker of an indorsed note give a mortgage, bearing the same date as the note, though not executed until some days afterwards, for securing the payment of the note ; the debt due on the note is not merged, nor the indorser discharged. Ligget *v.* Bank of Pennsylvania, 7 S. & R., 218.